Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5926 | **DATE** | 8/1/2001 |
| **CASE TITLE** | SAMUEL TEERLING vs. FLEETWOOD MOTOR HOMES OF INDIANA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: costs will be taxed under Rule 54(d) against plaintiff and in favor of Fleetwood in the total amount of $1115.78 ($1053.05 in deposition costs and $62.73 for videotaping). This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | AUG 02 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 64 |
| | Mail AO 450 form. | FILED FOR DOCKETING 01 AUG -1 PM 3: 33 | | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAMUEL TEERLING,             )
                             )
         Plaintiff,          )
                             )
    v.                       )    No. 99 C 5926
                             )    Paul E. Plunkett, Senior Judge
FLEETWOOD MOTOR HOMES OF     )
INDIANA, INC., and SPARTAN   )
MOTORS, INC.                 )
                             )
         Defendants.         )

## MEMORANDUM OPINION AND ORDER

On June 4, 2001, the Court entered judgment in favor of defendants on this Magnuson-Moss Warranty Act case. The case is before the Court on Fleetwood's timely bill of costs. Plaintiff contends that he should be excused from paying costs because doing so would cause him financial hardship. For the reasons set forth below, the Court finds that plaintiff has not overcome the presumption in favor of awarding costs to the prevailing party and taxes costs against plaintiff and in favor of Fleetwood in the total amount of $1115.78.

### Discussion

Federal Rule of Civil Procedure ("Rule") 54 provides that "costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). Rule 54, our court of appeals has observed, creates a presumption in favor of the award of costs. M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991). Despite this presumption,

the decision to award costs remains in the court's discretion. Id. One factor we may consider in deciding whether to award costs is the losing party's indigency. Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1165 (7th Cir. 1983) ("We feel that it is within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d)."). The losing party must demonstrate actual indigency, however; a lesser showing of financial hardship will not suffice. See, e.g., Reed v. International Union Of United Auto., Aerospace & Agric. Implement Workers of Amer., 945 F.2d 198, 204 (7th Cir. 1991) ("To reverse a district court's award of costs to a prevailing party, it is not enough to establish good faith and a disparity between the parties' financial situations: a party must demonstrate misconduct on the part of the opposing party or indigence."); Delta Airlines, Inc. v. Colbert, 692 F.2d 489, 491 (7th Cir. 1982) (stating that "[i]t is unfortunate that the costs may be large and the losing [party] may be hard-pressed to pay them, but we cannot find in those circumstances a good basis for denying costs," but instructing district court to determine on remand whether plaintiff was indigent, and thus, could be excused from paying costs).

Plaintiff has not made the requisite showing. In his affidavit, plaintiff states that he and his wife had a combined income of approximately $22,000.00 for the year 2000, nearly double the 2000 Federal Poverty Guideline for a family of two. See 65 F.R. 7555 (stating that poverty guideline for family of two is $11,250). Moreover, plaintiff's affidavit says nothing about any other assets – stocks, bonds, real estate, cars or other personal property – that he may have, which would impact a finding of indigency. Because plaintiff has not demonstrated that he is indigent, his economic circumstances do not provide a basis for denying costs to Fleetwood.

That does not mean, however, that Fleetwood can recover all of the costs it seeks. The costs recoverable under Rule 54 are narrowly circumscribed by statute and include:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. We can award Fleetwood its costs only if there is statutory authority for them and they are reasonable and were necessary to the litigation. Id.

First, Fleetwood seeks to recover costs related to the depositions of plaintiff and four expert witnesses. The Court finds that these costs, the recovery of which is specifically authorized by the statute, are both reasonable and were necessary to the litigation. Fleetwood is, therefore, entitled to $1053.05 in deposition costs.

Next, Fleetwood asks to recover the money it spent to videotape the inspection of plaintiff's motor home. Assuming that Fleetwood intended to use the videotape as a trial exhibit, these expenses fall under the category of exemplification and are recoverable. Wahl v. Carrier Mfg. Co., 511 F.2d 209, 217 (7th Cir. 1975) (allowing recovery of costs for demonstration models and charts used at trial). Because these costs are reasonable and were necessary to the litigation, Fleetwood is entitled to recover $62.73 for videotaping.

Fleetwood also seeks to recover the expenses its lawyer, investigator and another company representative incurred traveling to and from the motor home inspection and the expenses its expert

witnesses incurred to inspect the motor home. These costs are not authorized by statute. They cannot, therefore, be recovered under Rule 54.[1]

Finally, Fleetwood seeks to recover $118.80 in photocopying charges. According to the statute, Fleetwood can recover costs to photocopy "papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "The phrase 'for use in the case' refers to materials actually prepared for use in presenting evidence to the court." McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990) (internal quotation marks and citation omitted). "In other words, photocopying charges attributable to discovery and the court's copies of pleadings, motions, and memoranda are reasonably necessary for use in the case and can be awarded" under Rule 54(d), but copies of other documents or those made solely for attorney convenience cannot. White v. Sunstrand Corp., No. 98 C 50070, 2000 WL 1576319, at *3 (N.D. Ill. Oct. 19, 2000), aff'd, 2001 WL 748046 (7th Cir. July 3, 2001); see McIlveen, 910 F.2d at 1584.

Defendants have provided insufficient support for their request to recover for in-house photocopying under Rule 54(d). Though Fleetwood tells us the number of pages it copied and the price charged per page, it does not indicate what documents were copied or why. Because we cannot determine what portion, if any, of Fleetwood's copying costs are recoverable under Rule 54(d), they are all disallowed.

---

[1] Fleetwood indicated that information about its experts' inspection expenses would be set forth in a supplemental filing. Given the Court's ruling, no further filings are necessary.

## Conclusion

For the reasons set forth above, costs will be taxed under Rule 54(d) against plaintiff and in favor of Fleetwood in the total amount of $1115.78 ($1053.05 in deposition costs and $62.73 for videotaping). This is a final and appealable order.

ENTER:

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 8-1-01